UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROSE MARIE PATRICK,                   :
                                      :
            Plaintiff                 :
                                      :        No. 4:11-CV-01040
      vs.                             :
                                      :        (Judge Nealon)
MICHAEL J. ASTRUE,                    :
COMMISSIONER OF SOCIAL                :
SECURITY,                             :
                                      :
            Defendant                 :

## MEMORANDUM

## Background

The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Rose Marie Patrick's claim for social security disability insurance benefits.

Under 42 U.S.C. § 405(g) and relevant case law, the court is limited to reviewing the administrative record to determine whether the decision of the Commissioner is supported by substantial evidence. Counsel for the parties are familiar with

**FILED
SCRANTON**

SEP 0 6 2012

PER _____
        DEPUTY CLERK

the five-step sequential evaluation process[1] that the Commissioner

utilizes and the substantial evidence standard of review.[2]

---

1.   The Commissioner utilizes a five-step process in evaluating
disability insurance benefits claims.  See 20 C.F.R. § 404.1520;
Poulos v. Commissioner of Social Security, 474 F.3d 88, 91-92 (3d
Cir. 2007).  This process requires the Commissioner to consider,
in sequence, whether a claimant (1) is engaging in substantial
gainful activity, (2) has an impairment that is severe or a
combination of impairments that is severe, (3) has an impairment
or combination of impairments that meets or equals the
requirements of a listed impairment, (4) has the residual
functional capacity to return to his or her past work and (5) if
not, whether he or she can perform other work in the national
economy. Id. At step five of the sequential evaluation process,
the burden of production temporarily shifts to the Commissioner
to produce vocational evidence demonstrating that there are a
significant number of jobs in the national economy that the
claimant, given his or her residual functional capacity, can
perform. Once the Commissioner satisfies this limited burden of
production, the burden shifts back to the claimant to prove that
the Commissioner cannot rely on the vocational evidence.

2.   Substantial evidence "does not mean a large or considerable
amount of evidence, but 'rather such relevant evidence as a
reasonable mind might accept as adequate to support a
conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565
(1988)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197,
229 (1938)); Johnson v. Commissioner of Social Security, 529 F.3d
198, 200 (3d Cir. 2008);  Hartranft v. Apfel, 181 F.3d 358, 360
(3d Cir. 1999).  Substantial evidence has been described as more
than a mere scintilla of evidence but less than a preponderance.
Brown, 845 F.2d at 1213.  In an adequately developed factual
record substantial evidence may be "something less than the weight
of the evidence, and the possibility of drawing two inconsistent
conclusions from the evidence does not prevent an administrative
agency's finding from being supported by substantial evidence."
Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).
       Substantial evidence exists only "in relationship to
all the other evidence in the record," Cotter, 642 F.2d at 706,
and "must take into account whatever in the record fairly detracts
from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S.
474, 488 (1971).  A single piece of evidence is not substantial
evidence if the Commissioner ignores countervailing evidence or
fails to resolve a conflict created by the evidence.  Mason, 994
F.2d at 1064.  The Commissioner must indicate which evidence was
accepted, which evidence was rejected, and the reasons for

(continued...)

Patrick contends that she became disabled on May 20, 2005, the date she turned 50,[3] because of a right shoulder injury and subacromial impingement syndrome. Tr. 9 and 258.[4]  After holding two hearings, an administrative law judge denied Patrick benefits in a decision dated June 11, 2010, based on a finding that Patrick had the residual functional capacity to perform a modified range of light work, that is she had the ability to perform the standing and walking requirements of light work but only the lifting and carrying requirements of sedentary work.[5]

_____

2.   (...continued)
rejecting certain evidence. Johnson, 529 F.3d at 203; Cotter, 642 F.2d at 706-707.  Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole.  Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).

3.   Under the Social Security regulations a person 50 to 54 years of age is considered a "person closely approaching advanced age." 20 C.F.R. § 404.1563(c).  The Social Security Administration considers a claimant 50 to 54 who has a severe impairment and limited work experience as someone who may not be able to adjust to other work.  Id.

4.   References to "Tr.___" are to pages of the administrative record filed by the Defendant as part of his Answer on July 29, 2011.

5.   The terms sedentary, light, medium, heavy and very heavy work are defined in the regulations of the Social Security Administration as follows:

> (a) *Sedentary work*. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are

(continued...)

Based on that residual functional capacity and the testimony of a

vocational expert, the administrative law judge concluded that

Patrick could perform work as a counter clerk, price marker and

---

5.   (...continued)
        required occasionally and other sedentary criteria are
        met.

        (b) *Light work*.  Light work involves lifting no more
        than 20 pounds at a time with frequent lifting or
        carrying of objects weighing up to 10 pounds.  Even
        though the weight lifted may be very little, a job is
        in this category when it requires a good deal of
        walking or standing, or when it involves sitting most
        of the time with some pushing and pulling of arm or leg
        controls.  To be considered capable of performing a
        full or wide range of light work, you must have the
        ability to do substantially all of these activities.
        If someone can do light work, we determine that he or
        she can also do sedentary work, unless there are
        additional limiting factors such as loss of fine
        dexterity or inability to sit for long periods of time.

        (c) *Medium work*.  Medium work involves lifting no more
        than 50 pounds at a time with frequent lifting or
        carrying of objects weighing up to 25 pounds.  If
        someone can do medium work, we determine that he or she
        can do sedentary and light work.

        (d) *Heavy work*.  Heavy work involves lifting no more
        than 100 pounds at a time with frequent lifting or
        carrying of objects weighing up to 50 pounds. If
        someone can do heavy work, we determine that he or she
        can also do medium, light, and sedentary work.

        (e) *Very heavy work*.  Very heavy work involves lifting
        objects weighing more than 100 pounds at a time with
        frequent lifting or carrying of objects weighing 50
        pounds or more.  If someone can do very heavy work, we
        determine that he or she can also do heavy, medium,
        light and sedentary work.

20 C.F.R. § 404.1567.

ticket taker and that there were a significant number of such jobs in the national and regional economies. Tr. 16.

The present action was filed in this court on May 31, 2011, after the Appeals Council denied Patrick's request for review.  On October 3, 2011, Patrick filed a supporting brief and on November 3, 2011, the Commissioner filed an opposition brief. The appeal[6] became ripe for disposition on November 17, 2011, when Patrick filed a reply brief.

Patrick does not challenge the administrative law judge's analysis of the medical evidence or residual functional capacity assessment.  In fact there is no challenge to the administrative law judge's decision with respect to the first 4 steps of the sequential evaluation process.  Instead, Patrick challenges the administrative law judge's analysis and application of the rules and regulations of the Social Security Administration at step five of the sequential evaluation process.  Patrick argues that the administrative law judge (1) mischaracterized her as a "younger individual"[7] under the Social Security regulations and ignored her amended alleged disability onset date of May 20, 2005,

---

6.  Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal."  M.D.Pa. Local Rule 83.40.1.

7.  The Social Security regulations state that "[t]he term younger individual is used to denote an individual 18 through 49."  20 C.F.R., Part 404, Subpart P, Appendix 2, § 201(h)(1).

and (2) improperly applied the rules and regulations when finding that she had the ability to perform a modified range of light work.

The first argument has no merit.  It is clear from a review of the transcripts of both hearings and the ALJ's decision as a whole that the administrative law judge recognized that Patrick was a "person closely approaching advanced age" and recognized her amended alleged disability onset date of May 20, 2005.[8]   However, a review of the record reveals clear error at step five of the sequential evaluation process warranting a remand to the Commissioner for further proceedings.  We will set forth a brief discussion of the basis for the remand.

**DISCUSSION**

Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured."  It is undisputed that Patrick met the insured status requirements of the Social Security Act through June 30, 2009.  Tr. 7, 9, 152 and 254.

Patrick, who was born in the United States on May 20, 1955, graduated from high school and then attended college for one

---

8.  At the hearing held on May 10, 2010, the administrative law judge stated that the alleged onset date was May 20, 2005. Tr. 22.

year. Tr. 145, 164-166 and 265.  Patrick can read, write, speak
and understand the English language and perform basic mathematical
functions. Tr. 257 and 279.  During her elementary and secondary
schooling, Patrick attended regular education classes. Tr. 265.
Patrick has an extensive work and earnings history. Tr. 153 and
267.  Records of the Social Security Administration reveal that
Patrick had work and earnings in the years 1971 through 1980, 1983
through 1985, 1987 through 2004, and in 2007. Tr. 153.  Her total
earnings during those years were $452,198.37. Id.  Patrick's past
relevant employment consisted of work as a line production person
and a machine operator which was described by a vocational expert
as semi-skilled, medium work. Tr. 16 and 28.

The administrative law judge found that Patrick could
not perform her prior relevant semi-skilled, medium work and was
limited to unskilled work. Tr. 15-16.  The ALJ further found that
Patrick had at least a high school education, and a vocational
expert testified that Patrick had no transferrable job skills. Tr.
15 and 28.  It was further recognized that Patrick was a person
closely approaching advanced age. Tr. 16 and 28.  Under those
circumstances, if Patrick would have been limited strictly to
sedentary work by the administrative law judge, Patrick would have
been entitled to disability insurance benefits under the GRID

regulations[9] (specifically Rule 201.14) from the alleged
disability onset date of May 20, 2005.  <u>See</u> Medical-Vocational
Rules 201.00(g) and  201.14, 20 C.F.R. Part 404, Subpart P,
Appendix 2.

      The administrative law judge did not strictly apply the
GRID regulations but used them as a framework to determine whether
or not Patrick was disabled.  The administrative law judge found
that Patrick's residual functional capacity fell between the light
and sedentary work category.  Patrick argues that (1) this was an
erroneous application of the rules and regulation, (2) she should
have been placed in the sedentary work category, and (3) strict
application of Rule 201.14 required the ALJ to find that she was
disabled.  Patrick further argues that the ALJ erroneously
accepted the testimony of the vocational expert who indicated that
her testimony was consistent with the Dictionary of Occupational
Titles (DOT).

---

9.  Contained within the Social Security regulations are grids or
tables which list Rules 201.01 through 201.29 (for sedentary
work), 202.01 through 202.22 (for light work) and 203.01 through
203.31 (for medium work) in the left hand column.  These grids or
tables are found at 20 C.F.R., Pt. 404, Subpt. P, App. 2.  The
Social Security regulations provide that "where the findings of
fact made with respect to a particular individual's vocational
factors and residual functional capacity coincide with all of the
criteria of a particular rule, the rule directs a conclusion as
to whether the individual is or is not disabled." Rule 200.00.
In the right hand column of the grid or table is set forth the
"Decision" as to whether a claimant is "disabled" or "not
disabled.

The Commissioner, however, argues that the ALJ appropriately applied Social Security Ruling 83-12 (SSR 83-12) which permits an administrative law judge to rely on the testimony of a vocational expert where a claimant's residual functional capacity falls between sedentary and light work to determine whether or not there are other positions in the economy which the claimant can perform.   SSR 83-12 states in pertinent part as follows:

> The Medical-Vocational Guidelines . . . contain numbered table rules which direct conclusions of 'Disabled' or 'Not disabled' where all the individual findings coincide with those of the numbered rule. The table rules do not direct such conclusions when an individual's exertional RFC does not coincide with the exertional criteria of any one of the external ranges, i.e., sedentary, light, medium, as defined in sections 404.1567 and 416.967 of the regulations. . . In some instances, an individual can do a little more or less than the exertion specified for a particular range of work; e.g., the person is considered to be physically capable of meeting the exertional demands of light work except that he or she can lift no more than 15 pounds at a time rather than 20 . . . . .

This rule goes on to point out that where a claimant's RFC does not fit strictly within the definition of one range of work (i.e., sedentary, light, medium work) "the occupation base is affected and may or may not represent a significant number of jobs in terms of the rules directing a conclusion as to disability."[10]   Under those circumstances, the administrative law judge is instructed to "consult a vocational resource," i.e., publications, where simple

---

10.  As stated in footnote 1 the Commissioner has the burden at step 5 of the sequential evaluation process.

issues are presented and in more complex cases obtain testimony
from a vocational expert.  The ALJ in the present case obtained
testimony from a vocational expert and relied on that testimony in
concluding that there were jobs which Patrick could perform.

Patrick appears to contend that a subsequent Social
Security Ruling, SSR 00-4p, modified or superseded SSR 83-12.  We
disagree.  All that SSR 00-4p accomplished was to clarify the
standards for the use of testimony from vocational experts.  It
did not modify or supersede SSR 83-12.  Under SSR 00-4p, an
administrative law judge, before relying on expert vocational
testimony, must "[i]dentify and obtain a reasonable explanation
for any conflicts between occupational evidence provided by [the
vocational expert] and information in the Dictionary of
Occupational Titles, including its companion publication, the
Selected Characteristics of Occupations Defined in the Revised
Dictionary of Occupational Titles (SCO), published by the
Department of Labor" and "[e]xplain in the determination or
decision how any conflict that has been identified was resolved."

The administrative law judge, at the hearing on May 10,
2010, asked the vocational expert the following question: "Is your
testimony consistent with the Dictionary of Occupational Titles?"
Tr. 30.  The vocational expert responded in the affirmative.  Id.
Based on that limited inquiry and answer, the ALJ found, pursuant
to SSR 00-4p, that the vocational expert's testimony was

consistent with the DOT. Tr. 17.   The administrative law judge's
inquiry did not address the DOT's companion publication, the SCO.

Patrick argues that the vocational expert's testimony
was erroneous because it was not consistent with the DOT or the
SCO.   This is the only aspect of Patrick's argument which has
merit and is the basis for our remand.   Patrick's argument that
SSR 00-4p prohibits the ALJ from setting a residual functional
capacity which falls between sedentary and light work has no
merit.   SSR 00-4p only requires the ALJ to explain inconsistencies
between the DOT/SCO and the vocational expert's testimony.[11]

The residual functional capacity set by the
administrative law judge prohibited Patrick from "reach[ing] above
shoulder level with the right upper extremity."   Tr. 10.   The SCO
defines "reaching" as "[e]xtending hand(s) and arm(s) in any
direction[.]"   The SCO further indicates that the ticket taker and
price marker positions require frequent reaching (defined as up to
2/3 of an 8-hour work day) and the counter clerk position
occasional reaching (defined as up to 1/3 of an 8-hour work day).

---

11.   SSR 00-4p does prohibit an ALJ from relying on evidence
provided by a vocational expert which "is based on underlying
assumptions or definitions that are inconsistent with [the Social
Security Administration's] regulatory policies or definitions."
However, we do not discern how the ALJ relied on such evidence.
The ALJ did not rely on a changed definition of any exertional
level.   He merely set Patrick's RFC at a level between sedentary
and light.

11

The vocational expert was asked a hypothetical question that included a prohibition on any overhead reaching and in response to that hypothetical question identified the positions of counter clerk, ticket taker and price marker without explaining the inconsistency between her testimony and the SCO.

The administrative law judge has a duty to develop the record and flesh out any inconsistencies.  SSR 00-4p requires the ALJ, where the testimony from the vocational expert "appears to conflict with the DOT", to "obtain a reasonable explanation for the apparent conflict."  This the ALJ did not do.

Our review of the administrative record reveals that the decision of the Commissioner at step five of the sequential evaluation process is not supported by substantial evidence.  We will, therefore, pursuant to 42 U.S.C. § 405(g), vacate the decision of the Commissioner and remand the case for further proceedings.

An appropriate order will be entered.

_____
**United States District Judge**

Date: September 6, 2012